[Crim. No. 9902. In Bank. July 7, 1966.]

In re CHARLES ISADORO ROMANO on Habeas Corpus.

Charles Isadoro Romano, in pro. per., and Russell E. Parsons, under appointment by the Supreme Court, for Petitioner.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Respondent.

TRAYNOR, C. J.—Petitioner was convicted and sentenced in Kern County on one count of burglary (Pen. Code, § 459) and one count of grand theft (Pen. Code, § 487), the sentences to run concurrently. He was also convicted and sentenced in San Diego County on two counts of burglary, two counts of

grand theft, and one count of conspiring to commit theft (Pen. Code, § 182). The sentences for grand theft were to run concurrently. The sentences for each count of burglary and the one count of conspiracy were to run consecutively to each other and concurrently with the sentences for grand theft.[1] Petitioner is also serving a term for a conviction of grand theft in Los Angeles County which is not in question here.

In this habeas corpus proceeding petitioner contends that he is being subjected to multiple punishment for a single act or course of criminal conduct in violation of Penal Code section 654. ▮▮▮ Since the objective of each burglary of which he was convicted and sentenced was the commission of a grand theft of which he was also convicted and sentenced, the Attorney General concedes that sentencing petitioner for both grand theft and burglary in each case was improper. (*People* v. *McFarland,* 58 Cal.2d 748 [26 Cal.Rptr. 473, 376 P.2d 449].) Since the punishment for grand theft is less than the punishment for burglary, the sentences for grand theft must be set aside. (*People* v. *McFarland, supra,* 58 Cal.2d 748, 762-763.)

▮▮▮ Petitioner also contends that section 654 precludes sentencing him for more than one crime committed in San Diego County, on the ground that the two burglaries and the two grand thefts were committed pursuant to a single conspiracy. In *In re Cruz, ante,* p. 178 [49 Cal.Rptr. 289, 410 P.2d 825], we held that two otherwise separate crimes could each be punished, even though they were both committed pursuant to one conspiracy. We also held that a defendant cannot be punished for both a substantive offense and a conspiracy to commit it unless the conspiracy had an unlawful objective in addition to the commission of the substantive offense. Under these rules petitioner may be punished for both burglaries, for they were separate crimes committed at different times and places and against different victims.

▮▮▮ ▮▮▮ Three overt acts were charged in the San Diego indictment, the two burglaries and possession of the goods stolen in the burglaries. These acts were all committed in furtherance of the conspiracy to commit the thefts, for which petitioner cannot be punished in addition to being punished for the burglaries. Accordingly, unless the conspiracy had a broader objective than the commission of the burglaries and

---

[1] Under Penal Code section 669, the sentences for the San Diego County offenses run concurrently with the sentences for the Kern County offenses.

thefts, petitioner cannot be punished for the two burglaries and also for the conspiracy.

The Attorney General contends that the conspiracy had a wider scope than the alleged overt acts would indicate and had a broader objective than the commission of the two burglaries and related thefts of which petitioner was found guilty. He contends that the purpose of proving overt acts is not to show the scope of the conspiracy, but merely to show that the criminal activity went beyond a corrupt agreement. (See *People* v. *Saugstad,* 203 Cal.App.2d 536, 549-550 [21 Cal.Rptr. 740]; *Yates* v. *United States,* 354 U.S. 298, 334 [77 S.Ct. 1064, 1 L.Ed.2d 1356].) In the present case, however, petitioner was not charged with a conspiracy having a broader objective than the commission of the substantive crimes charged. Although evidence of other crimes was introduced, the trial court instructed the jury that such evidence could be considered to show identity, motive, intent, ability, knowledge, or a common scheme only with respect to the crimes charged and that it could not be used to prove "distinct offenses or continual criminality." (See CALJIC No. 33.) Accordingly, under the instructions given, the jury could not have found petitioner guilty of a conspiracy having a broader objective than the one charged.

The question remains whether the sentence on the conspiracy count or the sentence on one of the burglary counts should be set aside. The punishment for conspiracy to commit a felony is the same as the punishment for the felony itself. (Pen. Code, § 182.) Although the jury was not instructed to find whether petitioner conspired to commit the felony of grand theft or the misdemeanor of petty theft, it is clear that it found him guilty of conspiring to commit grand theft, for it convicted him of the substantive crimes of grand theft.

 The punishment for conspiring to commit grand theft is imprisonment in the state prison for not more than 10 years (Pen. Code, § 489), and the punishment for burglary in the second degree is imprisonment in the state prison for not less than one and not more than 15 years (Pen. Code, § 461). Since the punishment for conspiring to commit grand theft is the lesser, it must be set aside.

The sentence for grand theft in Kern County is set aside. The sentences for grand theft and the sentence for conspiring to commit theft in San Diego County are also set aside.

Petitioner is not entitled to release, however, since he is held under other valid judgments of conviction. The order to show cause is therefore discharged and the petition for a writ of habeas corpus is denied.

McComb, J., Peters, J., Tobriner, J., Peek, J., Burke, J., and White, J.,* concurred.

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.