**Carl Gregory WITT, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 23065.

United States Court of Appeals Ninth Circuit.

June 6, 1969.

Certiorari Denied Nov. 17, 1969. See 90 S.Ct. 272.

* Of the District of Montana, sitting by designation.

J. Pierce Harris (argued) of Freeman & Harris, National City, Cal., for appellant.

Edwin L. Miller, U. S. Atty., Joseph A. Milchen, Asst. U. S. Atty., San Diego, Cal. (no argument by govt.) for appellee.

Before CHAMBERS and KOELSCH, Circuit Judges, and BYRNE,* District Judge.

BYRNE, District Judge:

On March 14, 1968, the appellant was indicted on a charge of smuggling marihuana in violation of U.S.C. Title 21, Section 176a. He was convicted in a trial by the Court without a jury.

The appellant contends that Section 176a of the Statute under which he was convicted is unconstitutional, and relies upon Marchetti v. United States, 390 U. S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889; Grosso v. United States, 390 U.S. 62, 88 S.Ct. 716, 19 L.Ed.2d 906; and Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923.

In *Marchetti*, the Supreme Court held that a plea of the Fifth Amendment privilege provided a defense to a prosecution for failure to register and pay the occupational tax on wagers as required by 26 U.S.C. Sections 4411 and 4412. The Court noted that 26 U.S.C. 6107 required lists of wagering taxpayers be furnished to state and local prosecutors on demand, and concluded that compliance with the Statutes would have subjected *Marchetti* to "real and appreciative" risk of self-incrimination. In *Grosso* the Court held that the same considerations required the claim of the privilege be a defense to prosecution under 26 U.S.C. § 4401, which imposes an excise tax on proceeds from wagering. In *Haynes* the Court held, for the same reasons, that assertion of the Fifth Amendment privilege provided a defense to prosecution for possession of an unregistered weapon under the National Firearms Act.

Subsequent to the filing of the briefs and oral argument in this case, the Supreme Court, on May 19, 1969, decided the case of Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57. For reasons set forth in our discussion of *Leary* which follows, we hold that neither the cases relied upon by the appellant, nor *Leary*, require the reversal of the District Court in this case.

* Honorable William M. Byrne, United States Senior District Judge, Los Angeles, California, sitting by designation.

This is a smuggling case; *Leary* was not. The indictment in *Leary* originally charged smuggling marihuana into the United States in violation of 21 U.S.C. Section 176a. Second, it was charged that he had knowingly transported and facilitated the transportation and concealment of marihuana which had been illegally imported or brought into the United States, with knowledge that it had been illegally imported or brought in, all again in violation of Section 176a. Third, it was alleged that Leary was a transferee of marihuana and had knowingly transported, concealed and facilitated the transportation and concealment of marihuana, without having paid the transfer tax imposed by the Marihuana Tax Act, 26 U.S.C. § 4741 et seq., thereby violating 26 U.S.C. § 4644(a) (2).

After both sides had presented their evidence, the District Court dismissed the smuggling count. The Supreme Court theorized (note 4): "Petitioner had testified without contradiction that he had obtained the marihuana in New York, and the District Court apparently reasoned that an article taken out of the United States could not be 'smuggled' back into the country, as charged by the indictment." The jury found Leary guilty on the other two counts.

The Supreme Court granted certiorari to consider two questions: (1) whether Leary's conviction for failing to comply with the transfer tax provisions of the Marihuana Tax Act violated his Fifth Amendment privilege against self-incrimination; (2) whether Leary was denied due process by the application of the part of 21 U.S.C. § 176a, which provides that a defendant's possession of marihuana shall be deemed sufficient evidence that the marihuana was illegally imported or brought into the United States, and that the defendant knew of the illegal importation or bringing in, unless the defendant explains his possession to the satisfaction of the jury. The Court held in favor of Leary on both issues and reversed the judgment of the Court of Appeals. *But neither issue is in the instant case.* This appellant was not charged with a violation of the Marihuana Tax Act, nor did his conviction rest upon the presumption of knowledge of illegal importation which was declared unconstitutional by the Court in *Leary.*

In *Marchetti, Grosso, Haynes* and *Leary,* the Court's decision in each instance was required by the impact of the registration provisions which, when considered with the statutory direction that the information be conveyed to state and local law enforcement officials, obliged the Court to conclude that a timely and proper assertion of the privilege against self-incrimination provided a complete defense to prosecution under those particular statutes.

■ Appellant Witt *was caught in the very act of smuggling* marihuana which should have been invoiced [1] and presented to the Customs officials for inspection in accordance with the Tariff Act of 1930. The Supreme Court has not legalized the smuggling of marihuana nor any other merchandise, nor has it declared the Tariff Act unconstitutional.

We are not persuaded by the appellant's argument that the Supreme Court's decisions immunize smugglers from prosecution. The appellant asserts: "In the instant case, appellant Witt was required by Federal law to formally acknowledge possession of property which it was unlawful under State law for him to possess. Providing the Customs Officers with the information as required by law would surely establish a 'link in the chain' of evidence tending to establish his guilt."

■ The appellant reasons that a person bringing marihuana into the United States must smuggle it in, because to invoice it and present it for

---

1. The present offense is essentially one deriving from the Customs law, and the term "invoiced" as used in the statute carries the meaning attached to it in the Customs law, viz., lawfully entered or declared. See Thomas v. United States, 314 F.2d 936 (CA 5, 1963).

inspection would provide a "link in the chain" of evidence tending to establish his guilt, and would violate his Fifth Amendment privilege against self-incrimination. There is about as much logic in that reasoning as there would be in the contention of a bank robber that he was required to shoot the bank guard who ordered him to drop his gun and raise his hands, because to comply with the guard's orders would be self-incriminating and would provide a "link in the chain" of evidence tending to establish his guilt, all in violation of his Fifth Amendment privilege against self-incrimination. The same claim might be made by the burglar who is accosted by a police officer as he crawls out of the window of a residence at three A.M. and is ordered to submit to an inspection of the luggage he is carrying. To hold that the privilege was available in any of these cases would border on the ridiculous and would effectively frustrate all criminal laws.

The second issue in *Leary* was whether the application of the presumption contained in 21 U.S.C. § 176a denied Leary due process of law. The Court held that in that case it did. But, as noted above, that issue is not in this case.

■ This was not a jury trial, and so of course there were no instructions involved. At the time of trial the appellant moved for dismissal on the ground that the presumption contained in the second paragraph of Section 176a was unconstitutional. The District Judge denied the motion, adding: "But as I have always held, that on the smuggling cases the presumption is not indulged in and cannot and should not be." We agree.

As an additional ground for reversal, appellant asserts that he had been denied his Sixth Amendment right to a speedy trial.

Appellant was arrested December 22nd and taken before the Commissioner on December 26th, at which time counsel was appointed to represent him. He had a bail review on December 29th. The Customs Agency report was received in the United States Attorney's office on March 9th, 1968. The Grand Jury returned the indictment on March 14th; he was arraigned on March 18th and an omnibus hearing was set for April 4th. The omnibus hearing was held on April 4th and the case was set for trial May 13th. The trial was held on May 15th.

■ It will be observed that most of the delay is attributable to the late filing of the Customs Agency report. At the hearing on the motion to dismiss, the District Judge commented that the statistics show that between November 1967 and the early part of 1968, an unprecedented amount of marihuana came through the border and the number of arrests during that period increased almost one hundred per cent over the same period the previous year and that the Service got far behind in their reports. When the District Judge inquired whether the appellant had suffered any prejudice such as loss of witnesses or evidence as a result of the delay, appellant's counsel replied that he believed there had been "damage to the defendant's psychological attitude". The appellant offered no evidence at the trial, both he and the co-defendant stipulated to the chain of custody and that the contraband seized from them was marihuana. It should also be noted that the appellant, who was sentenced to ten years imprisonment, will receive credit for time spent in custody.

We find here no deprivation of the constitutional right to a speedy trial in violation of the Sixth Amendment. See United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966); Collins v. United States, 157 F.2d 409 (CA 9); Buatte v. United States, 350 F.2d 389 (CA 9); Cohen v. United States, 366 F.2d 363 (CA 9).

Affirmed.