Peter Clarke (argued), San Diego, Cal., for appellant.

Shelby R. Gott (argued), Asst. U. S. Atty., Harry D. Steward, U. S. Atty., San Diego, Cal., for appellee.

Before HAMLEY, KOELSCH and TRASK, Circuit Judges.

**UNITED STATES of America,**
**Appellee,**

v.

**Danny Angelo PEREZ, Appellant.**

**No. 24952.**

United States Court of Appeals, Ninth Circuit.

April 29, 1970.

PER CURIAM:

Danny Angelo Perez appeals from his conviction, after a trial to the court without a jury, of bringing 65,000 seconal capsules into the United States from Mexico in violation of the general smuggling statute, 18 U.S.C. § 545. According to the indictment, defendant violated section 545 in two particulars: (1) he violated the first paragraph of the section by failing to invoice the merchandise, and (2) he violated the second paragraph of that section by importing the merchandise contrary to law, in that the merchandise had not been presented for inspection, entered and declared as provided in 19 U.S.C. §§ 1459, 1461, 1484 and 1485.

The facts were stipulated. Defendant, as the driver and sole occupant of an automobile, entered the United States at San Ysidro, California. At that time he knew that approximately 65,000 seconal capsules were hidden in his vehicle, yet he failed to declare them at the United States port-of-entry. At the trial Perez' only defense was that 18 U.S.C. § 545 is unconstitutional as applied to

him, because it required him to give evidence that would probably have been used against him in a state criminal prosecution.

Defendant renews that contention on this appeal, calling attention to Cal. Health & Safety Code, §§ 11910 and 11912 (West 1970 Supp.). These California statutes make it unlawful, with exceptions probably not applicable here, to possess, import, transport, sell, manufacture, or give away "any restricted dangerous drug" except upon prescription. The term "restricted dangerous drugs" is defined in section 11901 of the same code, in terms which do not expressly include seconal capsules, but defendant asserts that the latter fall within the statutory definition.

We think this self-incrimination contention is foreclosed by the decision of this court in Witt v. United States, 413 F.2d 303 (9th Cir. 1969). *See also,* United States v. Jetter, 421 F.2d 839 (9th Cir. 1970). In *Witt* we rejected a similar contention advanced in an effort to invalidate a conviction for smuggling marihuana, in violation of 21 U.S.C. § 176a. The general customs and tariff laws which Perez violated in failing to declare the seconal capsules were imposed in an essentially noncriminal area and were primarily designed to produce federal revenue. This was not true with regard to the statutes involved in the three cases principally relied upon by Perez. *See* Marchetti v. United States, 390 U.S. 39, 57, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968); Grosso v. United States, 390 U.S. 62, 64, 88 S.Ct. 716, 19 L.Ed.2d 906 (1968), and Haynes v. United States, 390 U.S. 85, 94, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968). Each of the statutes involved in the latter cases were directed to a selective group, inherently suspect of criminal activities.

The same tariff law which was involved in *Witt* is involved here, and therefore the rationale of that case is equally applicable here.

Affirmed.