Ricardo **ZARAGOZA-ALMEIDA**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 24236.

United States Court of Appeals, Ninth Circuit.

June 9, 1970.

Philip Andreen (argued), San Diego, Cal., for appellant.

Warren Reese (argued), Asst. U. S. Atty., Harry D. Steward, U. S. Atty., San Diego, Cal., for appellee.

Before: HAMLEY and BROWNING, Circuit Judges, and BYRNE,* District Judge.

BYRNE, District Judge.

On May 3, 1968, the appellant drove a 1959 light green Buick into the United States from Mexico at Calexico, California, making a negative customs declaration. A search of the Buick revealed three packages of marijuana.

In a one count indictment the appellant was charged, pursuant to 21 U.S.C. § 176a, "with intent to defraud the United States, knowingly smuggled and clandestinely introduced into the United States from Mexico approximately 161 pounds of marihuana". The jury found appellant guilty and he appeals.

Appellant contends that his privilege against self-incrimination was violated by the requirement of the Tariff Act of 1930 (Title 19, §§ 1459, 1461, 1484 and 1485) that imported marijuana be presented for inspection, entered and declared.

■ Appellant's reliance on Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1968) is misplaced. Leary was not a smuggling case. Our recent decision in Witt v. United States, 413 F.2d 303 (C.A.9, 1969) controls here. As in Witt, appellant was apprehended in the very act of smuggling at the Calexico port of entry. Though the trial court instructed the jury on the 176a presumption as to knowledge of importation, under the circumstances of this case the giving of the instruction was harmless beyond a reasonable doubt. (Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)). The Mexican origin of the marijuana is not disputed. Appellant was caught in the very act of smuggling it across the border. If the jury believed that he did not know it was in the car, they would have acquitted him under the court's instructions. If he knew it was in the car, he knew it originated in Mexico.

■ Zaragoza-Almeida urges that the court erred in permitting improper cross-examination of character witnesses. Witness Paula Mancilla-Rojas was asked by the prosecutor: "Have you heard that the defendant Ricardo Zaragoza-Almeida was arrested and deported to Mexico on January 26, 1967?" She replied that she had not.

In Michelson v. United States, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948), the Supreme Court cautioned that "both propriety and abuse of hearsay reputation testimony, on both sides, depend on numerous and subtle considerations difficult to detect or appraise from a cold record, and therefore rarely and only on *clear showing* of prejudicial abuse of discretion will Courts of Appeals disturb rulings of trial courts on this subject." (emphasis supplied) The *Michelson* court noted "it has been held that the question may not be hypothetical nor assume unproven facts * * *"

In the present case, before Mrs. Mancilla-Rojas was asked the subject question, a conference was held at the bench. The trial judge told the prosecutor that

* Honorable William M. Byrne, United States Senior District Judge, Central District of California, sitting by designation.

he could ask the question if he had information that Zaragoza-Almeida was deported. The prosecutor answered, "Yes, arrested and deported." This bench conference was in accordance with the *Michelson* concern that the trial judge "took pains to ascertain, out of the presence of the jury, that the target of the question was an *actual event,* which would probably result in some comment among acquaintances if not injury to defendant's reputation." (emphasis supplied)

We do not find the "clear showing" required in *Michelson.*

The appellant has enumerated several other specifications of error. We have carefully examined each of them and find them to be without merit.

Affirmed.