**UNITED STATES of America, Appellee,**

v.

**Thomas Henry LOGAN, Appellant.**

**No. 25769.**

United States Court of Appeals, Ninth Circuit.

Nov. 9, 1970.

Huntington, Bryans, Harper, Henderson, Burney, Newman & Crawford, San Diego, Cal., for appellant.

Harry D. Steward, U. S. Atty., Phillip W. Johnson, Asst. U. S. Atty., San Diego, Cal., for appellee.

Before HAMLEY and KILKENNY, Circuit Judges, and BYRNE, District Judge.*

KILKENNY, Circuit Judge:

In a court trial, after waiver of a jury, appellant was found guilty of violating 18 U.S.C. § 1407, attempting to enter the United States after conviction of violation of the marihuana laws of the state of California, without surrendering the certificate required by § 1407.

On or about May 26, 1959, appellant was convicted in the Superior Court of the state of California of a violation of the marihuana laws of that state, the penalty for which offense was imprisonment for more than one year. On May 21, 1967, he entered the United States from Mexico at San Ysidro, California. Approximately 30 yards north of the border, while driving his 1958 Buick automobile, appellant was stopped by a United States Customs inspector.

The inspector ascertained that appellant was a citizen of the United States and "that he was bringing nothing from Mexico." Appellant did not present to the inspector any registration or certificate required by § 1407. A short time later, at a secondary inspection area, a small or insignificant quantity of marihuana was found in the vehicle. The inspector testified that he did not know that appellant was required to register at the time the vehicle was stopped. The trial judge found, among other things, that the inspector had no knowledge that the appellant was one who was required to present a certificate on reentry or while attempting to reenter the United States.

First, appellant argues that the inspector was under an affirmative duty to advise appellant of his duty to register and to assist appellant by supplying a form on which to register.

Appellant feels that United States v. Sansone, 385 F.2d 247 (7th Cir. 1967) and United States v. Jones, 368 F.2d 795 (2nd Cir. 1966), support his position. We believe they are distinguishable. First of all, 19 C.F.R. § 23.9a, the regulation implementing the statute in question, was amended after the decision in *Jones* and after the district court conviction in *Sansone*. The revision was noted and emphasized in the *Sansone* decision.

In *Jones*, Canadian officials put defendant on a train which was bound for New York and kept him in custody until the last Canadian stop was reached. Having been alerted by Canadian officials, two United States customs agents boarded the train when it stopped at the first border customs station on the rail line in New York. *They already knew* that Jones had been convicted of a narcotics offense in 1956 and sentenced to two years in prison. On interrogation, Jones readily admitted that he was the same person that had been so convicted and named the place where he had left the United States for Canada. When

* The Honorable William M. Byrne, District Judge, United States District Court for the Central District of California, sittirg by designation.

asked if he had a registration certificate, he replied that he did not, but claimed that he had no obligation to register since his narcotics conviction stemmed from a crime committed over 10 years prior to that date. Obviously, the *Jones'* decision, even if sound, is not controlling on our facts. Here, the undisputed evidence is that the inspector had no information that appellant was a narcotics law violator. The facts in *Sansone* are quite similar to those in *Jones*. In *Sansone,* the two government agents were cognizant of the defendant's name, his destination and where he was coming from. At the very least, they had reasonable grounds to believe that he was the same Sansone who had a previous narcotics conviction of which they had knowledge. Here, of course, the inspector had no background information on the appellant at the time the latter entered the United States.

The preamble to the revision of 19 C.F.R. § 23.9a, on August 3, 1967, makes it clear that customs officials are required to furnish, without request, a copy of the customs form for registration *only* to such persons as the officers have reason to believe or suspect are narcotic drug addicts or narcotic or marihuana law violators. The district judge found that the small amount of marihuana found in the automobile and the marihuana cigarettes found on the passenger, would not lead a reasonable inspector to believe that appellant was a drug addict or a narcotic or marihuana law violator. On the record before us, the findings of the trial judge were not clearly erroneous. United States v. Selby, 407 F.2d 241 (9th Cir. 1969), cites *Jones* and *Sansone* and suggests that persons *suspected of a failure to register* should be advised of that duty. Again, we observe that there is no evidence in

the record which would lead a trier of the facts to believe that appellant was either a drug addict or a violator.

██ Next, the appellant claims that the registration requirements of § 1407 should be likened to the demands of the statutes before the Supreme Court in Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969); Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968); Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968), and Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968), and that, if so construed, the provisions of § 1407 would violate his Fifth Amendment privilege against self-incrimination. In Reyes v. United States, 258 F.2d 774 (9th Cir. 1958), we decided to the contrary and upheld the constitutionality of the statute. Appellant asks that we reexamine *Reyes* in the light of the recent Supreme Court cases on which he relies. The *Reyes'* decision was approved by this court as recently as Allen v. Meier, 374 F.2d 447 (9th Cir. 1967). However, it must be noted that both *Reyes* and *Allen* were decided prior to *Leary* and the *Marchetti* trilogy.

It is our view that the provisions of § 1407 might well be equated with the legislation requiring written order forms[1] in Minor v. United States and Buie v. United States, 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283 (1969). In *Minor* and *Buie,* the Supreme Court emphasized the predicament which confronted the purchaser of marihuana in *Leary,*[2] and the alternate choices in the trilogy. The court stressed the point that in order to avoid the federal penalty, the purchaser was forced to incriminate himself under other laws. No such problem confronted the appellant in this case, and neither the registrational re-

---

1. 26 U.S.C. § 4705(a). Minor v. United States.
   26 U.S.C. § 4742(a). Buie v. United States.

2. "The vice of the statute in that case (Leary)—as in Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889; Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 and Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923—(1968): stemmed from the dilemma which confronted the buyer."

quirement nor the certificate provisions of § 1407, in any way, forced the appellant to incriminate himself. The statute before us was enacted to facilitate the control of the international traffic in narcotic drugs. There is nothing in the history of the legislation which would indicate a Congressional intent that it should be used to obtain evidence against those who might be engaged in unlawful transactions. As emphasized by Justice Brennan in his specially concurring opinion in *Grosso* and *Marchetti,* the exact opposite was true of the legislation there before the court.[3] The element of coercive intent, so clearly evident in the legislation before the court in *Marchetti, Grosso* and similar cases, simply does not exist in § 1407, or in the regulation implementing the statute. For that matter, the regulation was obviously promulgated to assist a known addict or violator to avoid trouble, rather than to obtain evidence against him. Had appellant complied with the law requiring registration upon reentry, such compliance would have precluded prosecution for illegal departure. 19 C.F.R. § 23.9a. We conclude that there is no real or substantial possibility that these provisions would, in any way, place a person such as appellant on the horns of the type of dilemma faced by the convicted persons in *Leary, Grosso, Haynes* and *Marchetti.*

In Witt v. United States, 413 F.2d 303 (9th Cir. 1969), cert. denied 396 U.S. 932, 90 S.Ct. 272, 24 L.Ed.2d 230 (1969), a comparable attack was made on the invoice and other reporting provisions of the Importation statutes, 19 U.S.C. §§ 1484 and 1485.[4] We find no meaningful distinction between the invoices under scrutiny in *Witt,* on the smuggling of marihuana, and the registration and certificate provisions of the statute before us. *Witt* has been followed in a number of ninth circuit decisions, including United States v. Vansant, 423 F.2d 620, 621 (9th Cir. 1970).

United States v. Rosenson, 291 F.Supp. 874 (E.D.La.1968), supports appellant's position. However, that case was decided before the Supreme Court analyzed *Leary* and the *Marchetti* trio in *Minor* and *Buie.* Likewise, the district court of Louisiana did not have the benefit of our analysis of those cases in *Witt.* Additionally, we do not agree with *Rosenson's* conclusion that a citizen, such as appellant, reentering the United States without a certificate would be waving the incriminating red flag of guilt in the face of the prosecuting officials. Obviously, the revision of 19 C.F.R. § 23.9a, providing for the cooperation of customs officers with those suspected of failing to register, was not called to the attention of the author of the *Rosenson* opinion. Here, all appellant had to do was to ask for the necessary form, fill it out, surrender it to the District Director of Customs, and he would have been home free. 19 C.F.R. § 23.9a.

We decline to overrule or modify our decisions in Reyes v. United States, *supra,* and Allen v. Meier, *supra.*

Finally, appellant argues that knowledge of the requirements of § 1407 is an essential element of the offense. This contention is in direct conflict with the holding in Reyes v. United States, *supra.* Appellant relies upon Lambert v. California, 355 U.S. 225, 78 S.Ct. 240 (1957) and United States v. Mancuso, 420 F.2d 556 (2d Cir. 1970). In discussing *Lambert,* the author of our opinion in *Reyes* said: "We readily distinguish the *Lambert* case and hold that it is not applicable to the registration provisions of 18 U.S.C. § 1407 for the following reasons." He then goes on to differentiate between the non-feasance involved in *Lambert* and the mis-feasance involved in *Reyes,* and the wide distinction between the act of a citizen of the United States entering one of its cities as viewed in *Lambert* and the act of a citizen of

---

3. "Whatever else Congress may have meant to achieve, an obvious purpose of this statutory system clearly was to coerce evidence from persons engaged in illegal activities for use in their prosecution." 390 U.S., p. 74, 88 S.Ct. p. 717.

4. Sections of the Tariff Act of 1930 mentioned in the opinion.

the United States departing to a foreign land and returning to this country under the factual background in *Reyes*.[5] We concede that *Mancuso* supports the principle argued by appellant. The author of *Mancuso* recognized that *Reyes* was in direct conflict with his conclusions.[6] Simply stated, the author of *Mancuso* declined to follow the analysis of *Lambert* and the logic employed in *Reyes*. To disagree with the decisions of one circuit is a privilege which may be exercised by others. Even though we were inclined to follow the conclusions in *Mancuso*, which we are not, we would not turn a cold shoulder upon and, in effect, overrule a relevant decision of our own circuit.

Finding no error, the judgment of the trial court is affirmed.

---

5. "We believe the act, after conviction or addiction, of crossing into Mexico and attempting to return 'alerts the doer' and is attended by circumstances which 'move one to inquire as to the necessity of registration.'" 258 F.2d 784.

6. "The only other Circuit court decision urged by the government, Reyes v. United States, 258 F.2d 774 (9th Cir. 1958), does appear contra the position taken here." 420 F.2d Footnote 4, page 558.