**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Leonard VAUGHT, Defendant-Appellant.**

**No. 25499.**

United States Court of Appeals,
Ninth Circuit.

Nov. 12, 1970.

Rehearing Denied Dec. 7, 1970.

Fields & Klein, Sacramento, Cal., for appellant.

Harry D. Steward, U. S. Atty., Brian E. Michaels, Asst. U. S. Atty., San Diego, Cal., for appellee.

Before MERRILL and ELY, Circuit Judges, and *JAMESON, District Judge.

PER CURIAM:

This is an appeal from a conviction on three counts of an indictment, the first count charging conspiracy to smuggle merchandise into the United States in violation of 18 U.S.C. § 371 and 18 U.S.C. § 545, the second count charging smuggling, and the third count, concealment and facilitating transportation and concealment, in violation of section 545; all counts alleging the importation of 23,000 amphetamine tablets without the merchandise having been presented for inspection, entered and declared as provided by 19 U.S.C. §§ 1459, 1461, 1484 and 1485.[1]

■ Appellant contends that the prosecution under section 545 violates his right against self-incrimination under the Fifth Amendment, because it requires him to give evidence which might be used against him in a state criminal prosecution. He argues that a manifest describing the merchandise would be available to California law enforcement officers pursuant to the Freedom of Information Act, 5 U.S.C. § 552, making "it clear that 'self-incrimination' at least under California Health and Safety Code, (prohibiting the possession, possession for sale, or transportation of dangerous drugs) * * * is a very 'substantial risk'."

The same contention was rejected by this court in United States v. Perez, 426 F.2d 799 (1970), involving the importation of seconal capsules in violation of section 545, the court pointing out that, "The general customs and tariff laws which Perez violated in failing to declare the seconal capsules were imposed in an essentially noncriminal area and were primarily designed to produce federal revenue." [2]

■■ Appellant suggests that a different rule might apply with respect to the conspiracy charge. We do not agree. In any event, as noted supra, the sentences were concurrent. Accordingly any error in instructions would be immaterial since the evidence was sufficient to sustain the conviction on the other two counts.

Affirmed.

ELY, Circuit Judge (concurring):

While I concur in the result, I am hopeful that our court will soon reexamine the rule that permits a defendant to be convicted of a separate charge of conspiracy to commit an offense when he is, at the same time, convicted of the substantive offense itself. Some jurisdictions, including California, have abandoned that rule, and I think rightly so. See, e. g., In re Romano, 64 Cal.2d 826, 51 Cal.Rptr. 910, 415 P.2d 798 (1966); Cal.Penal Code, § 654 (West 1957).

* Honorable William J. Jameson, United States Senior Judge, Billings, Montana, sitting by designation.

1. Appellant was fined $1,000 and sentenced to 18 months imprisonment on each count, "the imprisonment portion of the sentence to be concurrent * * * and the fine to be non-cumulative."

2. The same contention was also rejected by this court in Witt v. United States, 413 F.2d 303 (1969) and United States v. Jetter, 421 F.2d 839 (1970), both cases holding that the statute proscribing smuggling of marijuana (21 U.S.C. § 176a) did not violate defendant's privilege against self-incrimination.