8 F.3d 33
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert A. ZANDER, Defendant-Appellant
 No. 92-10606.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 2, 1993.
Decided Oct. 12, 1993.
 
 1
 Before: D.W. NELSON, NORRIS, Circuit Judges, and TANNER, Senior District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Robert A. Zander appeals his jury conviction on three counts of theft and embezzlement from an employee benefit plan under 18 U.S.C. § 664. We have jurisdiction to hear his appeal under 28 U.S.C. § 1291, and we affirm.
 
 
 4
 * Zander first argues that the district court erred in admitting two exhibits that revealed to the jury the extent of the defendant's wealth. He claims that, under Federal Rule of Evidence 403, the two financial statements detailing the net worth both of Zander personally and of one of his businesses should not have been admitted into evidence because they were more prejudicial than probative. We review a district court's Rule 403 balancing for abuse of discretion. See United States v. Kessi, 868 F.2d 1097, 1107 (9th Cir.1989).
 
 
 5
 The government argues convincingly that the evidence in question was highly probative because it served to rebut the defendant's testimony that the money he took from the pension funds constituted a loan to his other, cash-strapped businesses. By demonstrating that both Zander and the company to which the pension funds were diverted had substantial net worths, the government hoped to show that Zander's business did not need a loan and that, even if it did, Zander was in a position to lend the company money from his own resources. In addition, the financial statements are probative because they do not list the money taken from the pension fund as a liability. Thus the government contends that the evidence in question tends to prove that the defendant's motive was embezzlement.
 
 
 6
 It is true that evidence of a defendant's wealth could have a prejudicial effect on the jury. However, given the significant probative value of the evidence, we hold that the district court did not abuse its discretion in finding that the probative value of the evidence was not "substantially outweighed by the danger of unfair prejudice." F.R.E. 403.
 
 II
 
 7
 Zander next argues that the district court erred in denying his motions for a mistrial following the government's cross-examination of defense character witness Viviana Martinez. The government asked Ms. Martinez a series of questions concerning the defendant's personal use of corporate funds during his tenure with Crafco, and the defendant argues that these questions constituted an impermissible inquiry into the defendant's prior acts. Specifically, defendant argues that the district court erred in denying his mistrial motions because the prosecution failed to notify the court of its intention to question the witness about Zander's prior acts, failed to establish a good faith basis for its questioning, and impermissibly suggested to the jury that the defendant had previously embezzled corporate funds for personal use.
 
 
 8
 We review the denial of a motion for a mistrial for abuse of discretion. United States v. Homick, 964 F.2d 899, 906 (9th Cir.1992); United States v. Marsh, 884 F.2d 1040 (9th Cir.1990). While district courts have "wide discretion" to admit specific act evidence on cross-examination, that discretion "is accompanied by heavy responsibility on trial courts to protect that practice from any misuse." Michelson v. United States, 335 U.S. 469, 480 (1948). "Only on a clear showing of prejudicial abuse of discretion will Courts of Appeals disturb rulings of trial courts on this subject." Id.
 
 
 9
 * Federal Rule of Evidence 608(b)(2) permits the prosecution to question a witness about specific prior acts "concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified." In United States v. Davenport, 753 F.2d 1460, (9th Cir.1985), on which the defendant relies, we stated that because the risk of prosecutorial abuse of this rule is substantial, the government "must have a good faith belief in the misconduct of the defendant which was the subject of the question." Id. at 1464. The court went on to note that "[i]f mistrial is to be avoided, this good faith must be established to the satisfaction of the court, outside the presence of the jury, before the question is asked." Id. at 1464.
 
 
 10
 In this case, the prosecutor asked the witness if she knew of the defendant's prior acts, without first informing the court of his intention to do so. Subsequently, when the district judge inquired about the prosecutor's basis for his questions, the prosecutor informed the court that he based the questions on the defendant's answers to deposition questions asked on May 1, 1991.
 
 
 11
 The district court denied the defendant's motion for a mistrial after finding that the prosecutor's reliance on the defendant's own admissions on deposition constituted a good faith basis for the questions he asked the witness. We find no abuse of discretion. Unlike in Davenport, the prosecutor here cited the defendant's own deposition testimony as a reliable factual predicate for his questions. See also Zaragoza-Almeida v. United States, 427 F.2d 1148, 1148-49 (9th Cir.1970) (affirming conviction in trial where specific act evidence was used on cross-examination because prosecution's questions were based on an actual event which would probably result in comment among acquaintances or in reputational injury).
 
 
 12
 Of course, it would have been preferable for the district court to have required the government to establish its good faith basis before allowing the prosecutor to complete his cross-examination. But this alone does not constitute a basis for reversal. The defendant in this case, unlike the defendant in Davenport, did not object contemporaneously to the prosecution's line of questioning. Further, and again unlike in Davenport, the government ultimately established a good faith basis for its questioning of the witness. As a result, its failure to notify the court of its cross-examination strategy did not prejudice the defendant.
 
 B
 
 13
 The defendant also argues that the prosecution's questions during its cross-examination of Ms. Martinez impermissibly suggested to the jury that the defendant had embezzled money in the past. He contends that the government's questions did not simply serve to impeach the witness by showing that she knew less about the defendant than it appeared from direct examination. Rather, in the defendant's view, the questions were designed to prove that the defendant acted in conformity with his prior bad acts and thus constituted inadmissible propensity evidence in violation of Federal Rule of Evidence 404(b).
 
 
 14
 It is true that the prosecutor's questioning of Ms. Martinez may have created insinuations in the minds of the jurors that Zander had embezzled money in the past. It is also true, however, that the questions served to cast doubt on the witness's knowledge of the defendant and of his character. Because the government had and ultimately established before the court a good faith basis for its questions, its cross-examination does not violate Rule 608. While the district court had discretion, under Rule 403, to prevent the government from questioning the witness about the defendant's prior acts, the defendant's failure to make a timely objection prevents us from considering such a claim. See United States v. Gomez-Norena, 908 F.2d 497 (9th Cir.1990).
 
 
 15
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Jack E. Tanner, Senior District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3