Filed 6/26/26  P. v. Johnson CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D084982 |
| Plaintiff and Respondent, | (Super. Ct. No. SCD302896) |
| v. | |
| PHILLIP LOYD BLAISE JOHNSON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Aaron H. Katz, Judge.  Affirmed as modified and remanded with directions.

Laura Vavakin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, Daniel W. Ostertag and Sahar Karimi, Deputy Attorneys General, for Plaintiff and Respondent.

Phillip Loyd Blaise Johnson burglarized a restaurant in San Diego on two different occasions, and also attempted to burglarize a home.  To facilitate the second restaurant burglary, Johnson used a drill and crowbar to

take the restaurant's door off its hinges, which resulted in a separate vandalism charge. After trial, a jury convicted Johnson of two counts of commercial burglary (Pen. Code, § 459),[1] two counts of grand theft (§ 487), attempted burglary (§§ 459, 664), and vandalism (§ 594, subds. (a), (b)(1)). For these crimes, the trial court sentenced Johnson to 10 years in state prison, which included consecutive terms of six years for the second commercial burglary and 16 months for the related vandalism charge.

On appeal, Johnson asserts the trial court violated section 654 by imposing consecutive prison terms for the vandalism and burglary convictions because they arose from the same course of conduct. We agree with Johnson that the crimes were not separate and, therefore, the sentence for vandalism should have been stayed. Accordingly, we modify the judgment to stay the sentence imposed for the vandalism conviction. In addition, we grant Johnson's unopposed request to amend the abstract of judgment to accurately reflect the trial court's oral pronouncement of judgment staying the sentence on count 2 under section 654. Finally, we also modify the judgment to stay the punishment on count 6 under section 654 and direct the trial court to amend the abstract of judgment accordingly and to amend the abstract of judgment to accurately reflect that the trial court found true and stayed punishment on 10 on-bail enhancements, not nine.

FACTUAL AND PROCEDURAL BACKGROUND

On September 12, 2023, around 4:30 a.m., Johnson burglarized Mr. Shawarma, a family-owned restaurant in San Diego's Pacific Beach neighborhood. Johnson stole around $2,000 in cash from the cash register and tip jar, an iPad, a cell phone, two checkbooks, keys to the restaurant, and

---

[1]     Subsequent undesignated statutory references are to the Penal Code.

paperwork. The door had been left open or unlocked and the burglary was discovered the next morning when the manager arrived to find the register empty. Security camera footage captured the incident. Because Johnson stole the keys to the restaurant, the owner changed the locks on the doors. The owner also spent around $700 to replace the stolen cell phone and iPad.

On February 24, 2024, around 1:30 a.m., Johnson attempted to burglarize a residence. Johnson drove slowly past the home going 5 to 10 miles per hour, turned around, and stopped in front of the home. The owner, J.R., who was home with her husband and sleeping, woke up when notifications from exterior surveillance cameras alerted her that someone was in her yard. The surveillance video showed the perpetrator was wearing a headlamp and possibly carrying a knife.

J.R. called 911 while she watched Johnson on the cameras approximately 20 feet away from where she had been sleeping. Johnson had entered the backyard through an unlocked side gate. The surveillance video captured a "click" sound, which J.R. believed was Johnson turning the locked doorknob to the garage that was attached to the home.

After the first incident at Mr. Shawarma, the owners added a lock to the back gate where Johnson had previously entered. In addition, they upgraded their security system with alarms to alert the owners if the doors were opened. On February 27, 2024, at approximately 10:00 a.m., Johnson and his domestic partner, S.A., came by the restaurant and checked the doors but did not take anything. The detective who investigated the burglaries described this as a "casing" incident in which Johnson was looking for entry points and alarms to perpetrate another burglary.

On March 8, 2024, at approximately 5:30 a.m., Johnson returned to Mr. Shawarma, and he and an accomplice broke the lock to the restaurant's

3

back gate.  Johnson then used a drill and other tools, like a crowbar, to remove the store's double doors from their hinges to avoid detection by alarm sensors.  As a result of the damage caused by removing the doors, the restaurant's owners hired a construction company to replace the entire frame and doors at a cost of $5,250, and the owners replaced the locks at a cost of $850.  Once inside, Johnson took the cash register, with $730 inside, a printer, the tip jar, two iPads, and keys to the restaurant.  The owners paid $650 to replace the cash register, printer, and iPads.

During the investigation of the burglaries, San Diego Police Officers obtained a data search warrant, which showed a phone owned by S.A. at Mr. Shawarma around the time of the casing incident and the burglaries.  In addition, license plate readers near the location of the crimes observed the same car, registered to Johnson, at each location.  After collecting this information, police investigators ran a records check, reviewed body camera footage of prior police interactions with Johnson, and confirmed his identity as the perpetrator.  Soon after, police arrested Johson and a search of his belongings uncovered a drill, other tools, a headlamp, a bandana, iPad, and documents from the restaurant's cash registers.

After his arrest, the San Diego District Attorney charged Johnson with two counts of burglary (§ 459; counts 1 & 4); two counts of grand theft (§ 487, subd. (a); counts 2 & 6); attempted burglary (§§ 459 & 664; count 3); and vandalism (§ 594, subds. (a), (b)(1); count 5).  At the conclusion of trial, the jury found Johnson guilty on all counts.  In addition, as to all but count 3, the jury found true allegations that the offenses were carried out with planning, sophistication, or professionalism.  As to count 3, it found the attempted burglary was of an inhabited dwelling.  As to counts 2, 5, and 6, the jury

found true allegations that the offenses involved taking or damaging property of great monetary value.

Before sentencing, Johnson admitted a prior serious felony conviction (§§ 667, subd. (a)(1); 668; 1192.7, subd. (c)) and a prior strike conviction (§§ 667, subds. (b)–(i); 668; 1170.12). The court also found true 10 allegations that Johnson committed the felonies while out on bail (§ 12022.1, subd. (b)).

At the sentencing hearing, the trial court sentenced Johnson to 10 years in prison, consisting of six years on count 4 as the primary term (the middle term of three years, doubled by the strike); a consecutive term of 16 months on count 1; a consecutive term of 16 months on count 3; a consecutive term of 16 months on count 5; a concurrent term of two years on count 6; and a concurrent term of two years on count 2, stayed under section 654. In addition, the court stayed the sentences for the serious felony prior and the on-bail enhancements.

Johnson filed a timely notice of appeal.

## DISCUSSION

Johnson asserts the trial court erred by failing to stay the punishment it imposed for the vandalism charge (count 5) under section 654. In addition, he asks this court to correct the abstract of judgment to reflect the oral pronouncement of judgment and to stay the sentences for the grand theft convictions (counts 2 and 6), which are also subject to section 654.

## I

### A

Section 654, subdivision (a) provides, in pertinent part, "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished

5

under more than one provision." Thus, the statute bars multiple punishments for a single act that violates more than one criminal statute, and for multiple acts where those acts comprise an indivisible course of conduct incidental to a single criminal objective and intent. (*People v. Latimer* (1993) 5 Cal.4th 1203, 1208; *Neal v. State of California* (1960) 55 Cal.2d 11, 19.)

When multiple offenses are committed during a course of criminal conduct deemed "indivisible," the offenses are treated as only one punishable act. (*People v. Harrison* (1989) 48 Cal.3d 321, 335 (*Harrison*).) " 'Whether a course of criminal conduct is divisible ... depends on the intent and objective of the actor.' " (*People v. Beamon* (1973) 8 Cal.3d 625, 637, italics omitted (*Beamon*).) "[I]f all of the offenses were merely incidental to, or were the means of accomplishing or facilitating one objective, [the] defendant may be found to have harbored a single intent and therefore may be punished only once." (*Harrison,* at p. 335.) If, however, the defendant "entertained multiple criminal objectives which were independent of and not merely incidental to each other, he may be punished for independent violations committed in pursuit of each objective even though the violations shared common acts or were parts of an otherwise indivisible course of conduct." (*Beamon,* at p. 639.)

Whether the defendant harbored separate objectives during a course of criminal conduct is primarily a question of fact for the trial court. (*Harrison, supra,* 48 Cal.3d at p. 335; *People v. Coleman* (1989) 48 Cal.3d 112, 162; *People v. Avalos* (1996) 47 Cal.App.4th 1569, 1583.) We review a challenge under section 654 for substantial evidence to support the trial court's determination. (*People v. Racy* (2007) 148 Cal.App.4th 1327, 1336–1337.) "We review the trial court's determination in the light most favorable to the

6

respondent and presume the existence of every fact the trial court could reasonably deduce from the evidence." (*People v. Jones* (2002) 103 Cal.App.4th 1139, 1143.)

However, " '[a] decision supported by a mere scintilla of evidence need not be affirmed on appeal.' [Citation.] Although substantial evidence may consist of inferences, those inferences must be products of logic and reason and must be based on the evidence. Inferences that are the result of mere speculation or conjecture cannot support a finding. The ultimate test is whether a reasonable trier of fact would make the challenged ruling considering the whole record." (*In re James R.* (2009) 176 Cal.App.4th 129, 135.)

B

The probation report prepared for Johnson's sentencing hearing stated, "Counts 1 and 2 … appear to pertain to the same instance of the defendant breaking into Mr. Shawarma and taking money on 09/12/23. As to Counts 4 through 6, they appear to pertain to the same instance of the defendant breaking into Mr. Shawarma and taking money on 03/08/24. Therefore, it appears Counts 2, 5, and 6 should be stayed pursuant to PC654."

At the hearing, the prosecutor argued, "In looking at the probation report, I believe I saw that Counts 5 and 6 may have been barred by 654. Given the difference in actions, I don't believe that's appropriate, and the Court certainly has the power to run those counts consecutive. The defendant's behavior in these cases is abhorrent." Johnson's defense counsel made no argument regarding section 654. At the conclusion of the hearing, the court imposed a concurrent sentence on count 5, but did not reference section 654 or elaborate on its decision.

7

As an initial matter, we agree with Johnson that his failure to object to the court's decision not to stay the punishment on count 5 does not forfeit the issue. "[T]he waiver doctrine does not apply to questions involving the applicability of section 654. Errors in the applicability of section 654 are corrected on appeal regardless of whether the point was raised by objection in the trial court or assigned as error on appeal." (*People v. Perez* (1979) 23 Cal.3d 545, 550, fn. 3.) "This is because a sentence which is not authorized by law exceeds the jurisdiction of the court." (*People v. Neal* (1993) 19 Cal.App.4th 1114, 1120.) Indeed, the Attorney General does not argue otherwise.

On the merits, we also agree with Johnson that the punishment for count 5 should have been stayed under section 654. There was no evidence to support the trial court's implied finding that Johnson harbored an intent and objective to vandalize that was separate from his intent to burglarize Mr. Shawarma. Rather, the evidence at trial showed the vandalism, removing the restaurant's door with a drill and crowbar to avoid setting off the store's alarm, was perpetrated solely to facilitate the theft. Contrary to the Attorney General's assertion on appeal, no evidence supported the prosecutor's assertion at sentencing that Johnson harbored a separate intent or objective to damage property. (See *Harrison, supra*, 48 Cal.3d at p. 335 ["We have traditionally observed that if all of the offenses were merely incidental to, or were the means of accomplishing or facilitating one objective, defendant may be found to have harbored a single intent and therefore may be punished only once."].)

The Attorney General asserts that Johnson harbored two different objectives because the "burglary was done with the intent to get inside and steal, while the vandalism was done with the intent to avoid detection." This

argument is without merit. It is manifest that avoiding detection was part and parcel of Johnson's intent to burglarize the restaurant.

Citing *People v. Nguyen* (1988) 204 Cal.App.3d 181 (*Nguyen*), the Attorney General also argues that the vandalism was not incidental to the burglary and grand theft because burglary can be committed without causing any property damage. The facts here, however, do not support a finding that the property damage was so severe it should be separately punished. Rather, the only property damage sustained by the restaurant was directly tied to Johnson's objective of burglarizing the restaurant without being detected. *Nguyen* does not support a contrary conclusion.

In *Nguyen*, the convicted defendant was punished for both robbery and attempted murder. The attempted murder occurred after the defendant's accomplice escorted the clerk of the store they were robbing to "a rear bathroom, took money and a passport from his pockets, and forced him to lie face down on the floor." (*Nguyen, supra*, 204 Cal.App.3d at p. 185.) The defendant then yelled at his accomplice to kill the clerk and the accomplice shot the clerk in the back, injuring but not killing him. (*Ibid*.) On appeal, the defendant argued the attempted murder was incidental to the robbery because the facts suggested the "clerk was shot in order to eliminate him as a witness or to facilitate the" escape of the defendant and his accomplice and, thus, section 654 barred separate punishment for the crime. (*Id*. at p. 191.)

The Court of Appeal disagreed, holding sufficient evidence supported the trial court's finding that the crimes were divisible and properly punished separately. (*Nguyen, supra*, 204 Cal.App.3d at p. 191.) The court explained, "at some point the means to achieve an objective may become so extreme they can no longer be termed 'incidental' and must be considered to express a different and a more sinister goal than mere successful commission of the

9

original crime." (*Ibid.*) Unlike the shooting in *Nguyen*, in this case the act of removing the doors was not extreme and served no other purpose than to facilitate the burglary. Thus, imposition of a single punishment for the crimes of burglary, theft, and vandalism serves section 654's purpose of ensuring Johnson's "punishment [is] commensurate with his culpability."[2] (*Ibid.*)

The Attorney General also contends the time that passed between removing the doors and stealing from the restaurant supports the trial court's implicit finding that the consecutive sentence for vandalism was not barred by section 654. This argument lacks merit. No evidence showed any significant time passed between Johnson's removal of the store's doors and the theft. In addition, the cases the Attorney General cites for this proposition support reversal here or are distinguishable. (See *Beamon, supra*, 8 Cal.3d at pp. 639–640 [holding convictions for kidnapping for purpose of robbery and commission of that robbery "were committed pursuant to a single intent and objective, i.e., to rob [the victim] of the truck

---

[2] Also in support of this argument, the Attorney General quotes the statement in *People v. Wallace* (2004) 123 Cal.App.4th 144 that "one cannot commit vandalism without defacing, damaging, or destroying property (see § 594), but one can commit burglary and trespass without harming any property at all." (*Id.* at pp. 148–149.) *Wallace*, however, considered whether the defendant could be found guilty of vandalizing a home in which he had a community property interest, not the question of whether vandalism and burglary were separately punishable under section 654. (*Id.* at p. 147.) In arguing that he could not be guilty of vandalism, the defendant looked to burglary and trespass cases that had held an owner could not be guilty of taking or trespassing against his own property. The *Wallace* court rejected this analogy, concluding the vandalism conviction should be affirmed despite the defendant's ownership interest. *Wallace* has no bearing on the issue here. (*Id.* at pp. 147–150.)

10

or its contents" and therefore defendant could "be punished for only one of such crimes"]; *People v. Lopez* (2011) 198 Cal.App.4th 698, 717–718 [defendant's later use of victim's credit card after he stole her purse was a separate crime from the robbery of the purse, thus punishment for that crime was not barred by section 654]; and *People v. Trotter* (1992) 7 Cal.App.4th 363, 368 [defendant properly punished for two separate assaults for shooting multiple times at the same victim since "each shot evinced a separate intent to do violence"].)

Finally, the Attorney General asserts that because Johnson did not vandalize the store during his first burglary or the attempted burglary at J.R.'s home, separate punishment for the removal of the doors during the second burglary of Mr. Shawarma is appropriate. Not so. The fact that Johnson did not commit vandalism during the other crimes for which he was simultaneously tried is not relevant to the trial court's imposition of separate punishment for the crimes he committed on March 8, 2024. In sum, no evidence supported the trial court's implicit finding that section 654 did not bar the imposition of a separate punishment for vandalism. Accordingly, the judgment is modified to stay the imposition of the sentence imposed for count 5. (See *Beamon, supra*, 8 Cal.3d at p. 640 [where section 654 applies, proper procedure is to stay the execution of the lesser punishments of the crimes].)

II

We agree with Johnson, and accept the People's concession, that the abstract of judgment must be amended to accurately comport with the oral pronouncement of judgment and to stay the concurrent sentences imposed for grand theft (counts 2 and 6) under section 654. "In a criminal case, it is the *oral pronouncement of sentence* that constitutes the judgment." (*People v. Scott* (2012) 203 Cal.App.4th 1303, 1324.) "Where, as here, a discrepancy

11

exists between the court's 'oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls.' " (*People v. Qualkinbush* (2022) 79 Cal.App.5th 879, 893.) " 'The clerk cannot supplement the judgment the court actually pronounced by adding a provision to the minute order and the abstract of judgment.' " (*People v. El* (2021) 65 Cal.App.5th 963, 967.)

At the sentencing hearing, the trial court stated that the sentence for the grand theft conviction in count 2 (related to the first burglary of Mr. Shawarma) was imposed concurrently and stayed in accordance with section 654. The court also imposed the sentence for the grand theft conviction in count 6 (related to the second burglary of Mr. Shawarma) concurrently, but was silent with respect to section 654. The abstract of judgment indicates the sentences for counts 2 and 6 are imposed concurrently, but does not indicate the sentences are stayed under section 654.

We agree with the parties that both sentences should be stayed under section 654 and that the proper remedy for the error is to modify the judgment with respect to count 6 and to direct the trial court to modify the abstract of judgment to reflect the modified judgment. (See *In re Romano* (1966) 64 Cal.2d 826, 828 [because "the objective of each burglary … was the commission of a grand theft of which [the petitioner] was also convicted and sentenced … sentencing petitioner for both grand theft and burglary in each case was improper" under section 654].) Thus, the judgment is modified to stay the punishment for count 6 and the trial court is directed to correct the abstract of judgment, which designates the sentences for counts 2 and 6 as concurrent, to indicate the sentences are stayed under section 654.

12

The Attorney General also points out that the abstract of judgment reflects stayed punishments on *nine* on-bail enhancement allegations (§ 12022.1, subd. (b)), rather than the 10 found true and stayed by the trial court at sentencing. Accordingly, the trial court is directed to modify the abstract of judgment to reflect that the punishments on all 10 enhancement allegations are stayed.

## DISPOSITION

The judgment is modified to stay the punishments for counts 5 and 6 pursuant to section 654. As modified, the judgment is affirmed. In addition, the trial court is directed to amend the abstract of judgment to reflect that the sentences for counts 2, 5, and 6 are stayed pursuant to section 654. In addition, the court is directed to amend the abstract of judgment to reflect that punishment is stayed on 10 on-bail enhancement allegations (§ 12022.1, subd. (b)). The trial court is further directed to forward the amended abstract of judgment to the Department of Corrections and Rehabilitation.


McCONNELL, P. J.

WE CONCUR:


DATO, J.


DO, J.


13