[Crim. No. 8084.   Second Dist., Div. Four.   Sept. 14, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. MICKEY NAKAMURA CHUNG, Defendant and Appellant.

Mickey Nakamura Chung, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

THE COURT.—In an information filed by the district attorney, Mickey Nakamura Chung was charged in Count I with burglary in violation of section 459 of the Penal Code; in Counts II, III, IV and V with forgery in violation of section 470 of the Penal Code. A prior conviction for robbery was alleged and charged against defendant with respect to each count. Defendant pleaded not guilty and denied the prior. Trial was by the court, trial by jury having been duly waived and pursuant to stipulation of defendant and all counsel the cause was submitted to the court on the testimony contained in the transcript of the proceeding had at the preliminary hearing.

It was further stipulated that neither side is to submit any further evidence. Defendant did not testify. Defendant was found guilty as charged. The court fixed the degree of burglary to be second degree. No finding was made on the prior conviction alleged. Probation was denied and defendant was sentenced to state prison for the term prescribed by law on each of the counts charged. ▆▆▆ The corrected judgment found in the clerk's transcript does not indicate whether the sentences were made to run concurrently or consecutively and, absent an order making them run consecutively, it will be presumed the court intended that they run concurrently and we so find.

Defendant prosecutes this appeal "from the judgment and sentence entered on November 10, 1961." Defendant applied for appointment of counsel to assist him on the appeal. This court having made an independent investigation of the record and having determined that it would be neither advantageous to defendant nor helpful to this court to have counsel appointed, denied the application, whereupon defendant prosecutes this appeal in propria persona. Defendant was notified and two extensions of time to file a brief were given him. None has been filed. However, we have given the appeal full consideration.

There was evidence of the following facts: Richmond Logan testified he was employed at M. and M. Service Station; that he was the last person to leave the premises and he locked the station in the evening and secured the doors and windows before he left; that he returned to the station next morning and the glass in the door was crushed in; that money, a check protector machine, a payroll stamp and blank checks were missing from the service station; that he did not give defendant or anyone else permission to enter the station or to remove money or any of the missing items. He identified the items received in evidence as those taken from the service station.

William Morikawa testified that he was the owner of the service station; that $30 or $35 were taken; that certain blank checks and a Paymaster Check Protector were taken. He later identified these items, which were found in defendant's home, as being part of the property stolen from him.

A police officer testified that he recovered the check protector, some blank checks and other property of the service station in defendant's kitchen; that he had a conversation with defendant and his statements were freely and voluntarily made. Defendant stated he had gone into the service station; that he had broken the glass out of the front door and reached in and unlocked the door; that he took what money he could find, a check protector and some blank checks; that he made out several of the checks to the amount of $400 or $500 and that he cashed the three checks involved in Counts II, III and IV and that he attempted to cash a fourth check but had left the store when the clerk went to the back room.

Witnesses identified defendant as the person who presented the checks to them and to whom they gave cash or merchandise or both.

A market employee identified defendant as the person who had given him a check in the sum of $128.50; he told defend-

ant he would have to go to the back of the store to get the money; he called the police but before they arrived defendant left the store without taking back the check.

William Morikawa testified the signature on the checks received in evidence bore his name but he did not sign them nor did he give defendant or anyone else permission to sign the checks or to use his name. A further review of the testimony would serve no useful purpose.

██  Section 470 of the Penal Code reads in part as follows:

"Every person who, with intent to defraud, signs the name of another person, . . . knowing that he has no authority so to do, . . . forges, or counterfeits, any . . . check . . .; or counterfeits or forges the seal or handwriting of another; or utters, publishes, passes, or attempts to pass, . . . any of the . . . altered, forged, or counterfeited matters, . . . knowing the same to be false, altered, forged, or counterfeited, with intent to prejudice, damage, or defraud any person; . . . is guilty of forgery."

Clearly here, the evidence was sufficient to find defendant guilty of the crime of forgery.

██  Section 459 of the Penal Code reads in part as follows:

"Every person who enters any house, room, . . . or other building, . . . with intent to commit grand or petit larceny or any felony is guilty of burglary."

The defendant entered the service station by his own admission by breaking the glass from the door and took certain items which were later recovered and offered in evidence, and he made the entry with intent to steal.

We find no error in the trial. The evidence fully supports the convictions and the appeal is entirely without merit.

The judgment is affirmed.