[Crim. No. 9515.   In Bank.   Feb. 15, 1966.]

In re FEDERICO GONZALEZ CRUZ on Habeas Corpus.

Dahlstrum & Walton and Jack A. Dahlstrum for Petioner.

Thomas C. Lynch, Attorney General, Michael J. Phelan and Clifton R. Jeffers, Deputy Attorneys General, for Respondent.

BURKE, J. — Petitioner and a codefendant, Roland Causey, were charged with conspiracy to commit grand theft (count 1) and grand theft (counts 2 through 4). Petitioner alone was charged with an additional count of grand theft (count 5). The jury found both of them guilty on counts 1 and 2 and petitioner guilty on counts 3 through 5; and the jury acquitted Causey on counts 3 and 4. Petitioner was sentenced to a term of imprisonment on each count, and it was ordered that the sentences as to counts 1 and 2 run consecutively and that the sentences as to counts 3, 4, and 5 run concurrently with count 2. The judgment was affirmed. (*People* v. *Causey,* 220 Cal.App.2d 641 [34 Cal.Rptr. 43].)

Petitioner now seeks habeas corpus, contending that the sentences imposed violated the proscription in Penal Code section 654 against multiple punishment because the conspiracy had no objective apart from the grand thefts for which he was sentenced to prison.[1] The Attorney General concedes that this contention has merit. ▮ Where the facts are undisputed and the only question as to the issue of multiple punishment is the applicability of section 654, habeas corpus is a proper remedy to review that issue. (*Neal* v. *State of California,* 55 Cal.2d 11, 17 [9 Cal.Rptr. 607, 357 P.2d 839]; *Downs* v. *State of California,* 202 Cal.App.2d 609, 611 et seq. [20 Cal.Rptr. 922].) In *Neal* and *Downs* the court granted relief even though, as in the instant case, the issue of multiple punishment apparently had not been raised on appeal from the judgment of conviction.

The facts are set forth in the opinion on petitioner's appeal (*People* v. *Causey, supra,* 220 Cal.App.2d 641) and

[1] Penal Code section 654 provides in part: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one."

need not be repeated here in detail. It appears that the conspiracy and the grand thefts charged in counts 2, 3, and 4 involved the purported sale of property known as Mid-City Hospital and the assignment of nonexistent funds from an escrow opened for the asserted purpose of handling the transfer of Mid-City Hospital. Property of value was given in exchange for the assignments. Count 5, which charged petitioner alone with grand theft, involved a separate transaction that was unrelated to the conspiracy.

The information alleged 25 overt acts in furtherance of the conspiracy, and it does not appear that any of these acts related to any offense except the grand thefts charged in counts 2 through 4. The Attorney General admits that the conspiracy was not shown to have any objective apart from those grand thefts. His position is that the objectives of the conspiracy were the grand thefts charged in counts 2 through 4. ▆ We need not consider whether the grand thefts charged in counts 3 and 4 may properly be viewed as among the objectives of the conspiracy even though Causey was acquitted on those counts; the sentences imposed violated the rule against multiple punishment irrespective of whether the conspiracy had only one objective (i.e. the grand theft charged in count 2) or three objectives (i.e. the grand thefts charged in counts 2 through 4).

The prohibition in section 654 against multiple punishment applies not only where one act in the ordinary sense is involved but also where there is a course of conduct that violates more than one statute and comprises an indivisible transaction. The divisibility of a course of conduct depends upon the intent and objective of the defendant, and if all the offenses are incident to one objective the defendant may be punished for any one of them but not for more than one. (*People* v. *McFarland*, 58 Cal.2d 748, 760 et seq. [26 Cal. Rptr. 473, 376 P.2d 449]; *Neal* v. *State of California, supra*, 55 Cal.2d 11, 18; *People* v. *Keller*, 212 Cal.App.2d 210, 220 [27 Cal.Rptr. 805].) In *Keller* the defendant was sentenced for conspiracy to commit burglary and attempted burglary. The overt acts charged in the conspiracy count were ones committed in perpetrating the attempted burglary. The conspiracy was not shown to have any objective apart from that involved in the attempted burglary, and it was held that sentencing the defendant for both offenses violated the rule against multiple punishment. ▆ A fortiori it would violate that rule to sentence a defendant for conspiracy to commit several crimes and for each of those crimes where the

conspiracy had no objective apart from those crimes. If, however, a conspiracy had an objective apart from an offense for which the defendant is punished, he may properly be sentenced for the conspiracy as well as for that offense. (*People* v. *Scott*, 224 Cal.App.2d 146, 151-152 [36 Cal.Rptr. 402].)

Since here it does not appear that the conspiracy had any objective apart from the grand thefts for which petitioner was sentenced to prison, there has been a violation of the rule against multiple punishment. When double punishment has been imposed the general rule is that the sentence for the offense subject to the least punishment should be set aside. (*People* v. *McFarland, supra,* 58 Cal.2d 748, 760-763.) The punishment for conspiracy to commit grand theft and for grand theft is the same. (See Pen. Code, §§ 182, 489.) It is therefore necessary to consider additional factors in determining which sentence to set aside.

As we have seen, the judgment directed that the sentences as to counts 1 and 2 run consecutively and that the sentences as to counts 3 through 5 run concurrently with count 2. It was discretionary with the trial court whether to make the sentences run consecutively or concurrently. (Pen. Code, § 669; *People* v. *Graham*, 198 Cal.App.2d 617, 620 [18 Cal. Rptr. 134]; *People* v. *Tipton*, 124 Cal.App.2d 213, 217 [268 P.2d 196].) This court should not set aside the sentence as to count 1 because the effect of so doing would be to unnecessarily interfere with the trial court's discretion in imposing consecutive sentences.

Setting aside the sentence as to count 2 will not have that effect. It is clear that the intent of the trial court was to have the sentences imposed on counts 3 through 5 commence at the completion of the sentence on count 1. Setting aside the sentence as to count 2 cannot reasonably be viewed as preventing the carrying out of that intent. Several federal decisions have reached this same conclusion. (*Dailey* v. *United States,* 259 F.2d 433, 434; *Watson* v. *United States,* 174 F.2d 253, 254 [84 App. D.C. 86].) Upon the setting aside of the sentence as to count 2 petitioner will no longer be subject to double punishment because there will then be an objective of the conspiracy (i.e. the grand theft charged in count 2) other than the grand thefts charged in the remaining counts.

The sentence imposed upon petitioner for the grand theft charged in count 2 is set aside and the Adult Authority is directed to exclude from its consideration that purported sentence. Petitioner, however, is not entitled to release so

long as he is held under a valid judgment of conviction for his other crimes. The order to show cause is, therefore, discharged, and the writ of habeas corpus is denied.

Traynor, C. J., McComb, J., Peters, J., Tobriner, J., Peek, J., and Schauer, J.,* concurred.

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.