[Crim. No. 8084. Second Dist., Div. Four. July 10, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. MICKEY NAKAMURA CHUNG, Defendant and Appellant.

David C. Marcus for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Ronald M. George, Deputy Attorney General, for Plaintiff and Respondent.

KINGSLEY, J.—Defendant was convicted of one count of burglary and three counts of forgery. He appealed in propria persona and duly applied for the appointment of counsel. The request was denied, this court saying, in its opinion deciding the appeal: "This court having made an independent investigation of the record and having determined that it would neither be advantageous to defendant nor helpful to this court to have counsel appointed, denied the application, . . ." (*People* v. *Chung* (1962) 207 Cal.App.2d 660, 662 [24 Cal.Rptr. 637].) The judgment of conviction was affirmed.

Defendant has recently retained counsel, through whom he has filed a motion seeking recall of our remittitur and vacation of the judgment of affirmance. The motion cites the earlier history of that case and relies on *Douglas* v. *California* (1963) 372 U.S. 353 [9 L.Ed.2d 811, 83 S.Ct. 814], as the ground for the relief sought.

In opposing the motion, the Attorney General argues that the application, made almost five years after the affirmance, comes too late. The contention is not valid in the light of the

decisions of the United States Supreme Court. Although we realize that, in applications for writs of *coram nobis* and for habeas corpus, the courts have refused relief where there had been a long period of unexplained delay, still we must take note that, in the most recent decision of the United States Supreme Court dealing with the right of counsel on appeal, the application (there habeas corpus) came six years after the judgment of affirmance had been entered. (*Anders* v. *California* (1967) 386 U.S. 738 [18 L.Ed.2d 493, 87 S.Ct. 1396].) In the light of that case, we cannot say that defendant here is barred from relief by reason of the delay in asserting his rights.

The motion is granted; the remittitur heretofore issued in this case is recalled; the opinion heretofore filed herein is vacated.

Files, P. J., and Jefferson, J., concurred.