[Crim. No. 13742. Fourth Dist., Div. One. Oct. 14, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
PATRICK JAMES CAVANAUGH, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*Certified for publication with the exception of sections I and II and certain material on pages 1180, 1181, *post.*

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Paul Bell, Deputy State Public Defender, and Winifred Chernoff for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard D. Martland, Chief Assistant Attorney General, Thomas E. Warriner and Daniel J. Kremer, Assistant Attorneys General, A. Wells Petersen, Keith I. Motley, John W. Carney and Raquel M. Gonzalez, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BUTLER, J.**—Patrick James Cavanaugh appeals a conviction following a jury trial of one count of conspiracy to cheat and defraud (Pen. Code, § 182, subd. 4);[1] twenty-two counts of forgery (§ 470); one count of burglary (§ 459); one count of grand theft auto (§ 487, subd. 3); six counts of receiving stolen property (§ 496, subd. 1); one count of possession of a sawed-off shotgun (§ 12020, subd. (a)); and a finding the loss exceeded $25,000 (§ 12022.6).

Cavanaugh's sentence was computed as follows: the upper term of three years for the conspiracy enhanced by one year under section 12022.6, subdivision (a), consecutive terms of eight months each for the first seven forgery counts, four months for the eighth forgery count for an aggregate sentence of nine years. The remaining sentences were stayed under the five-year limitation of section 1170, subdivision (a).

. . . . . . . . . . . . . . . . . . . . . . . .*

Cavanaugh contends on appeal: . . .* the sentences imposed for both the substantive forgery offenses and the conspiracy as well as the great taking enhancement under section 12022.6 violated the proscription against mul-

---

[1]All statutory references are to the Penal Code unless otherwise specified.
*See footnote, *ante,* page 1178.

tiple punishment under section 654; [and] the court improperly used the same facts to aggravate the base term and impose consecutive sentences.

### Factual Background

Cavanaugh's scheme involved one of his female coconspirators stealing a wallet and credit cards and later opening a checking account in that name. Diana Cavanaugh would rent a house in a well-to-do neighborhood, giving the realtor a bad check on a late Friday afternoon, under the name appearing on the stolen or forged checks.

On a late Friday afternoon or Friday evening, Diana would purchase furniture and appliances requesting delivery on a Saturday. The goods would be delivered to the rented residence where Diana would pay for them with checks she had signed under the assumed name.

The appliances and furniture were then either loaded on a van or rented truck and driven to either Las Vegas or to a home in El Cajon where they were sold.

On at least one occasion, Cavanaugh drove the rented truck and accompanied Diana into one of the stores to distract the shopkeeper. At other times, Cavanaugh waited outside. Diana also passed worthless checks for groceries and for a car.

### I, II*

. . . . . . . . . . . . . . . . . . . . . . .

### III

### Multiple Punishment

Cavanaugh complains his sentence for eight of the twenty-two forgery convictions and for conspiracy to cheat and defraud violates the multiple punishment proscription of section 654. That section admonishes: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

---

*See footnote, *ante,* page 1178.

██ To punish for a conspiracy to commit illegal acts and for the illegal acts themselves violates the rule if the conspiracy has no objective other than the specific acts charged. (*In re Cruz* (1966) 64 Cal.2d 178 [49 Cal.Rptr. 289, 410 P.2d 825].) Here, the overt acts of the conspiracy tracked (with immaterial exceptions) the forgery counts of which Cavanaugh was convicted.[4]

We agree the objective of the conspiracy was the same as the objective of the counts of forgery, namely, to steal goods by passing worthless checks. To commit the scheme, Cavanaugh formulated a fraudulent intent. The forgery offenses were the means by which such intent was executed.

The People assert since the court sentenced Cavanaugh to eight of the forgery offenses and stayed the other counts, the conspiracy had as its objective the stayed counts, and thus the sentence is saved. They cite *People* v. *Richardson* (1978) 83 Cal.App.3d 853 [148 Cal.Rptr. 120] (disapproved on other grounds in *People* v. *Saddler* (1979) 24 Cal.3d 671 [156 Cal.Rptr. 871, 597 P.2d 130]).

We believe *Richardson* misapplies the applicable law, and its holding produces a sentence result that is overly technical and mechanistic. *Richardson* relies on *Cruz, supra.* In *Cruz*, defendant had been convicted of one count of conspiracy to commit grand theft and three counts of grand theft. Sentence was imposed on all counts. The court held the sentence violated section 654, finding the objective of the conspiracy the same as the substantive crimes.

There, the court set aside one grand theft count and further directed the Adult Authority "to exclude from its consideration that purported sentence." In correcting the sentence, the defendant was no longer subject to multiple punishment because there was now an objective of the conspiracy—namely, the grand theft charged in the count set aside—apart from the grand thefts punished in the remaining counts.

The holding in *Cruz* was extended beyond its logical limits by the *Richardson* court. In *Cruz*, a predeterminate sentence law case, one grand theft count was set aside and the Adult Authority was instructed to exclude that offense from the punished term. In effect, the set-aside count was no longer subject to punishment. Thus, to conclude the object of the conspiracy had as its objective that offense, otherwise unpunished, was proper.

---

[4]Two forgery counts were not sentenced since they were factually the same as other counts.

A stayed count, to the contrary, remains subject to punishment. A trial court is empowered to stay counts under a variety of circumstances. For example, a count is stayed if the sentence would otherwise violate section 654 or where, as here, the length of consecutive subordinate terms exceeds statutory limits under the determinate sentencing law scheme (§ 1170.1).

Sentencing judges are directed to stay, not dismiss or reverse, such counts, for in the event a sentenced count is reversed upon appeal or otherwise, upon remand, the imposition of sentence on a stayed count is preserved. Staying the counts rather than reversing, dismissing or setting them aside prevents double jeopardy violations. (See *People* v. *Niles* (1964) 227 Cal.App.2d 749, 756 [39 Cal.Rptr. 11]; Cal. Rules of Court, rule 449.)

In support of arguments to affirm the sentence on all counts, the People assert the conspiracy had an objective apart from the punished forgery counts. Thus, the People urge us to differentiate each part and consider the money and property was not taken pursuant to one plan.

In a neat reversal of field, the People assert in support of the enhanced conspiracy the "small series of takings" is really one grand scheme to cheat and defraud.

The People cannot have it both ways. We think it is wrong to punish for both a conspiracy and substantive offenses having the same objective by using counts stayed—to comply with statutory limits of the determinate sentencing scheme—to conjure a "different" objective.

Thus, we hold Cavanaugh's sentence for the forgeries and the conspiracy violates section 654 as it punishes Cavanaugh twice for the same acts. We observe the trial court imposed the upper term for the conspiracy and imposed the forgery counts consecutively, although he failed to state adequate reasons (see section V). We thus remand for resentencing rather than stay the lesser offense so the trial court may exercise its discretion in choosing whether the enhanced conspiracy or all the forgery counts should be stayed. Following applicable limits, each forgery count may be separately punished. (See *People* v. *Neder* (1971) 16 Cal.App.3d 846 [94 Cal.Rptr. 364].) If the section 12022.6 enhancement is stayed, consecutive forgery offenses would be limited to twice the base term (§ 1170.1, subd. (f)).

## IV

### Enhancement of the Conspiracy

Cavanaugh's sentence to the upper term of three years for the conspiracy was enhanced by one year under section 12022.6, subdivision (a), which

provides: "Any person who takes, damages or destroys any property in the commission or attempted commission of a felony, with the intent to cause such taking, damage or destruction, and the loss exceeds:

"(a) Twenty-five thousand dollars ($25,000), the court shall in addition and consecutive to the punishment prescribed for the felony or attempted felony of which the defendant has been convicted impose an additional term of one year." He contends the enhancement was impermissible. We rephrase his arguments. He was convicted of separate offenses, not one transaction; none of the offenses involved a taking exceeding $25,000; the overt acts of the conspiracy tracked the forgery counts of which he was convicted; enhancements are subject to the section 654 proscription; the enhancement must be stayed.

Since we decide the imposition of sentence for both the conspiracy and the substantive forgery offenses violates section 654 and upon remand either the conspiracy or all the forgery counts must be stayed, the section 12022.6 enhancement issues need not be decided.

■ If the trial judge imposes sentences on the forgery counts and stays the conspiracy, the enhancement must also be stayed. The jury was charged: "If you find the defendant guilty of the crime of conspiracy, it then will be your duty to determine whether or not, in the commission or attempted commission of such crime, such defendant took property, the loss of which exceeded $25,000." Thus, only the conspiracy may be enhanced upon remand.

### V

### ■ It Was Error to Fail to Separately
### State Reasons to Impose Consecutive Terms

Cavanaugh asserts as error the court's failure to state its reasons to impose consecutive sentences. Section 1170, subdivision (b), prohibits use of the same fact both to aggravate the base term and impose consecutive terms. (*People* v. *Lawson* (1980) 107 Cal.App.3d 748 [165 Cal.Rptr. 764].) Here, the court imposed the upper term on the conspiracy count and imposed the eight forgery counts consecutively based on the same facts.

When it imposed the sentences for the forgery offenses consecutively, the court merely referred to the aggravating factors: "The court finds that consecutive terms are appropriate, that the 421 rules previously discussed apply." Rule 425(b) provides the aggravating circumstances can be considered in deciding whether the terms are to be concurrent or consecutive. The use

of aggravating circumstances to impose consecutive sentences is only proper when such circumstances are not used as a reason to impose an upper term.

As we remand to correct the section 654 violations set out in section III, *ante,* we further direct the sentencing judge state his separate reasons to impose consecutive sentences should he decide to do so.

Judgment affirmed; remand for resentencing consistent with this opinion.

Work, Acting P. J., and Lewis, J.,* concurred.

Respondent's petition for a hearing by the Supreme Court was denied December 28, 1983.

---

*Assigned by the Chairperson of the Judicial Council.