Filed 10/8/20  P. v. Sith CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C088896 |
| Plaintiff and Respondent, | (Super. Ct. No. STK-CR-FE-2004-0008089) |
| v. | |
| VEASNA SITH, | |
| Defendant and Appellant. | |

Defendant Veasna Sith was convicted of assault with a firearm, together with other counts.  The jury also found true two enhancement allegations:  that he personally used a firearm and the assault benefited a gang.  The court stayed defendant's sentence for the assault and also stayed a four-year enhancement for personal use of a firearm and a 10-year enhancement for the conviction of a violent felony (assault with the use of a firearm) committed for the benefit of a gang.  By statute, where more than a single enhancement may be imposed using a firearm in the commission of a single offense, only the greatest shall be imposed.

1

The parties agree that both enhancements were imposed for using the same firearm in the commission of a single offense. The question presented by this appeal is whether the cited code section applies when, as here, the court imposes multiple enhancements but stays their execution. Defendant insists that it does and seeks a remand for resentencing. We conclude not. What is prohibited by Penal Code section 1170.1 is multiple punishment based on the use or possession of the same firearm. The effect of the court's stay is to foreclose execution of both enhancements and thereby preclude multiple punishment. We therefore affirm but direct the trial court to amend the abstract of judgment to reflect the court's stay of the enhancements.

## BACKGROUND

A jury found defendant guilty of robbery (Pen. Code, § 212.5, subd. (a)),[1] residential burglary (§ 459), and assault with a firearm (§ 245, subd. (a)(2)). The jury also found defendant had committed each of these crimes for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)) and with the personal use of a firearm (§§ 12022.5, subd. (a), 12022.53, subd. (b)), and further found him guilty of active participation in a criminal street gang (§ 186.22, subd. (a)).

The trial court sentenced defendant to the upper term of nine years for the robbery, plus 10 years each for the gang (§ 186.22, subd. (b)(1)) and firearm (§ 12022.53, subd. (b)) enhancements, and eight months for participating in a gang. He was sentenced to concurrent midterms for the assault with a firearm and for the burglary, enhanced as to each by four years for firearm use (§§ 12022.5, subd. (a)) and 10 years for gang (§ 186.22, sub. (b)(1)) enhancements.

In an unpublished opinion, we affirmed the judgment on appeal, but ordered the judgment modified to stay the concurrent sentences imposed for burglary and assault with

---

[1] All further statutory references are to the Penal Code.

2

a firearm, pursuant to section 654.  (*People v. Sith* (June 9, 2009, C057637) [nonpub. opn.].)  The abstract of judgment was modified to reflect a stay of the base terms but as modified did not reflect a stay of their associated enhancements.

The trial court resentenced defendant on February 11, 2019, reducing his sentence for robbery from nine years to six years, and thus reducing his overall sentence to 26 years eight months.  The court maintained all other terms and orally stayed the burglary and assault with a firearm counts pursuant to section 654.  The abstract of judgment noted the stay of these counts but again did not list the enhancements to these counts as stayed.

## DISCUSSION

### I

Defendant first contends that the trial court's imposition of a gang enhancement to the stayed assault count, premised on his use of a firearm to benefit a gang (§ 186.22, subd. (b)(1)), and imposition of another enhancement for his personal use of a firearm based on the same firearm (§ 12022.5, subd. (a)), violates section 1170.1, subdivision (f). The parties agree that the enhancement under section 186.22, subdivision (b)(1), and the enhancement under section 12022.5, subdivision (a), were both imposed for using a firearm in the commission of a single offense.  They disagree as to the effect this has on defendant's sentence.

Section 1170.1, subdivision (f), states in pertinent part, "When two or more enhancements may be imposed for being armed with or using a dangerous or deadly weapon or a firearm in the commission of a single offense, only the greatest of those enhancements shall be imposed for that offense."

Defendant contends that "Penal Code section 1170.1 bars punishment for both use of a firearm and use of the same firearm to benefit a gang" and thus the case must be remanded for resentencing.  The People insist the trial court properly imposed and then stayed both enhancements.

In other contexts, a sentence enhancement " 'may be *imposed* or *stricken*, but . . . may not be *stayed*; to do so is an illegal sentence.' " (*People v. Haykel* (2002) 96 Cal.App.4th 146, 151.)  Thus, in *Haykel*, the trial court stayed the prior prison term enhancement as an alternative to striking the enhancement, the option preferred by the defendant.  The appellate court rejected the attempt.  So also in *People v. Harvey* (1991) 233 Cal.App.3d 1206, the case relied on in *Haykel* for its rule, the defendant asked the court to impose a partial enhancement.  Rejecting the defendant's plea, the court declared:  "Enhancements do not define a crime but merely impose an additional punishment to that which accompanies the criminal offense itself.  [Citation.]  An enhancement is not a sentencing choice.  [Citation.]  Unless a statute says otherwise, an enhancement may be imposed or stricken, but this is the extent of the trial court's discretion." (*Id.* at p. 1231.)  And in *People v. Eberhardt* (1986) 186 Cal.App.3d 1112, 1119-1124, another in the line of cases supporting the *Haykel* rule, the appellate court ruled a trial court could not stay execution of an enhancement as an alternative to striking it so as to deprive the prosecution of its right to appeal, a right that clearly pertained to an order striking an enhancement, though no authority at the time permitted an appeal by the prosecution from an order staying an enhancement.

Thus, the court may not stay an enhancement as a means of modulating the punishment that would otherwise apply, or to avert an appeal.  But that is not the objective of the stay imposed in the present case.  Rather, the stay here aligns perfectly with California Rules of Court, rule 4.447 (Rule 4.447), which recognizes that a stay is appropriate when "imposition of the term is prohibited by law or exceeds limitations on the imposition of multiple enhancements." (Rule 4.447(a).)  Under this circumstance, a "court may not strike or dismiss an enhancement," but instead "the court must:  [¶]  (1) [i]mpose a sentence for the aggregate term of imprisonment computed without reference to those prohibitions or limitations; and [¶]  (2) [s]tay execution of the part of the term that is prohibited or exceeds the applicable limitation." (*Ibid.*)  Rule 4.447 covers

4

enhancements limited by section 1170.1, subdivision (f).  (Advisory Com. com., 23 pt. 2 West's Ann. Codes, Court Rules (2020 supp.) foll. rule 4.447, p. 49.)  As explained in the Advisory Committee comment to this rule, "Present practice of staying execution is followed to avoid violating a statutory prohibition or exceeding a statutory limitation, while preserving the possibility of imposition of the stayed portion should a reversal on appeal reduce the unstayed portion of the sentence."  (Advisory Com. com., 23 pt. 2 West's Ann. Codes, Court Rules (2020 supp.) foll. rule 4.447, p. 49.)  This was also the practice under the prior version of the rules.  (See *People v. Cavanaugh* (1983) 147 Cal.App.3d 1178, 1183 [citing former Cal. Rules of Court, rule 449 when finding trial courts "are directed to stay, not dismiss or reverse" counts violating section 1170.1].)

Rule 4.447 mirrors courts' procedures in handling section 654 violations.  Section 654 prohibits multiple punishments for the same "act or omission."  (§ 654, subd. (a).)  Instead of dismissing the offending conviction, courts impose and stay execution of the lesser punishment deriving from the same act or omission.  (*People v. Duff* (2010) 50 Cal.4th 787, 796.)  We ordered this in defendant's prior appeal, concluding defendant's convictions for burglary and assault with a firearm derived from defendant's robbery and ordered the sentences to those convictions stayed, but did not reverse the convictions themselves.  (*People v. Sith, supra*, C057637.)

Under both section 654 and Rule 4.447 "the stay has no express statutory basis.  It is implied, so that a defendant who is subject to one of two alternative punishments will not be wrongly subjected to the other; if, however, one of the two punishments is invalidated, the defendant will still be subject to the remaining one."  (*People v. Lopez* (2004) 119 Cal.App.4th 355, 365.)  Defendants are not doubly punished in violation of section 654 when the offending punishment is imposed but stayed.  Similarly, defendants are not subject to multiple enhancements violating section 1170.1, subdivision (f) when the additional enhancements are imposed and stayed.  (Cf. *People v. Cavanaugh, supra*,

147 Cal.App.3d at 1183 ["Staying the counts rather than reversing, dismissing or setting them aside prevents double jeopardy violations"].)

Implicit in Rule 4.447's procedure is a recognition that "imposed," as used in various sentencing provisions, means "impose and execute." Our Supreme Court in *People v. Gonzalez* (2008) 43 Cal.4th 1118 reached this conclusion in construing the language of section 12022.53, subdivision (f), which has language directly paralleling that of section 1170.1, subdivision (f).[2] The court began its analysis: "[I]t is important to understand that the word 'impose' applies to enhancements that are 'imposed and then *executed*' as well as those that are 'imposed and then *stayed*. However, as a practical matter, the word "impose" is often employed as shorthand to refer to the first situation, while the word "stay" often refers to the latter.' " (*Gonzalez*, at p. 1125.) The court then looked to the context of "imposed" within section 12022.53, subdivision (f) to interpret its meaning. (*Gonzalez*, at p. 1126; see *Hsu v. Abbara* (1995) 9 Cal.4th 863, 871 ["Statutory ambiguities often may be resolved by examining the context in which the language appears and adopting the construction which best serves to harmonize the statute internally and with related statutes"].) It determined "imposed" to mean "impose and then execute" because it best harmonized the subdivision's internal construction. The court explained the subdivision requires courts to first " 'impose upon that person the enhancement that provides the longest term of imprisonment,' it would be unreasonable

---

[2] Section 12022.53, subdivision (f), states: "Only one additional term of imprisonment under this section shall be imposed per person for each crime. If more than one enhancement per person is found true under this section, the court shall impose upon that person the enhancement that provides the longest term of imprisonment. An enhancement involving a firearm specified in Section 12021.5, 12022, 12022.3, 12022.4, 12022.5, or 12022.55 shall not be imposed on a person in addition to an enhancement imposed pursuant to this section. An enhancement for great bodily injury as defined in Section 12022.7, 12022.8, or 12022.9 shall not be imposed on a person in addition to an enhancement imposed pursuant to subdivision (d)."

for the Legislature to direct the court to impose the longest enhancement in the sense of 'impose and stay.' . . . [T]he word 'impose' ensures that the statute's punishment and legislative intent will be carried out only if it is interpreted as shorthand for 'impose and then *execute*.' " (*Gonzalez*, at pp. 1126-1127.) Applying this meaning consistently throughout section 12022.53, subsection (f), "it directs that only one enhancement may be imposed and then *executed* per person for each crime, and allows a trial court to impose and then *stay* all other prohibited enhancements." (*Gonzalez*, at p. 1127.) This interpretation also harmonizes "section 12022.53 with the rationale underlying both section 654 and the Judicial Council's general rule that sets forth the procedure courts should follow when pronouncing sentence on any prohibited enhancement. (Cal. Rules of Court, rule 4.447.)" (*Id*. at p. 1128.) Thus, additional enhancements violating section 12022.53, subdivision (f) "must be imposed and then stayed." (*Gonzalez*, at p. 1130.)

The same interpretation of "imposed" is required here to best internally harmonize section 1170.1, subdivision (f). When multiple enhancements for being armed with a deadly weapon "may be imposed," subdivision (f) requires "only the greatest of those enhancements shall be imposed for that offense." (§ 1170.1, subd. (f).) Though this limits imposition to one enhancement, it still requires the greatest enhancement to be "imposed." As *Gonzalez* found, understanding this to mean "imposed and executed" is the only way to satisfy the legislative intent of punishing the greatest qualifying enhancement. Similarly, subdivision (f) also states it "shall not limit the imposition of any other enhancements applicable to that offense." In this context "imposition" must also be interpreted as "impose and execute." And applying this definition consistently means additional lesser enhancements that "may be imposed" do not violate subdivision (f) if imposed and stayed. (See *People v. Vega* (2013) 214 Cal.App.4th 1387, 1395-1396 [finding that for an additional enhancement satisfying section 1170.1, subdivision (g), "the trial court should have *imposed* and then stayed that enhancement"]; see also *People v. Crites* (2006) 135 Cal.App.4th 1251, 1255 [section 1170.1, subd. (f) "prevents

7

execution of sentences for multiple enhancements, but not the procedure of imposing but staying all but the greatest enhancement falling within the statute"].)

Defendant argues *People v. Rodriguez* (2009) 47 Cal.4th 501 requires a different result. We disagree. *Rodriguez* found that enhancements "imposed" under section 12022.5 and section 186.22 for the same firearm use violated section 1170.1, subdivision (f). But the trial court had not stayed either enhancement so the Supreme Court analyzed whether the additional enhancement could be imposed and executed but did not address whether the enhancement may be imposed and stayed. (*Rodriguez*, at pp. 508-509.) We decline to read *Rodriguez* as implicitly interpreting subdivision (f) to disallow additional enhancements imposed and stayed when the court had no occasion to do so. (*People v. Johnson* (2012) 53 Cal.4th 519, 528 [" ' "[C]ases are not authority for propositions not considered" ' "].)

The court's oral order satisfies section 1170.1, subdivision (f). Though the court's order does not explicitly analyze Rule 4.447, the result is the same—the additional enhancement that could be "imposed" under section 1170.1, subdivision (f), was properly imposed and stayed along with the underlying base term.

II

Defendant next contends that the abstract of judgment misstates the trial court's oral finding at defendant's resentencing hearing. The People agree and so do we.

"It is, of course, important that courts correct errors and omissions in abstracts of judgment. An abstract of judgment is not the judgment of conviction; it does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize." (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

At defendant's resentencing hearing, the trial court orally ordered the burglary and assault counts stayed. The abstract of judgment correctly notes these counts as stayed

8

under section 654 but does not list their enhancements as stayed. This is an error as enhancements must be stayed when the base term is stayed. (*People v. Guilford* (1984) 151 Cal.App.3d 406, 412.)

## DISPOSITION

The trial court is directed to amend the abstract of judgment as indicated in part II of this opinion and to forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.


                                        _____/s/_____
                                        RAYE, P. J.



We concur:



_____/s/_____
BLEASE, J.



_____/s/_____
DUARTE, J.